JUSTICE RICE,
dissenting.
¶23 I believe the Court faults the Municipal Court for errors it did not make and that this decision will cause confusion and undermine the processing of cases filed in courts of limited jurisdiction.
¶24 Crediting Girard’s argument that the Municipal Court imposed “a rigid ‘he missed his court date, therefore he waived his jury’ rule,” the Court faults the Municipal Court for imposing “a categorical rule of automatic waiver” for Girard’s failure to appear, reasoning that “an automatic finding of waiver due to nonappearance, without consideration of the circumstances of the particular case” is improper. Opinion, ¶¶ 12, 14, 19. However, the record does not support the *451 conclusion that the Municipal Court imposed such a categorical rule.[1] After deeming Girard’s default in appearance as a waiver of his right to a jury trial, the Municipal Court responded to defense counsel’s objection by stating it was willing to reconsider the waiver determination and asked counsel to present evidence concerning Girard’s disability. Thus, the Municipal Court imposed no “categorical rule of automatic waiver.” Rather, it provided Girard with an opportunity to demonstrate that there was good cause for his default that would justify setting it aside. The Court’s declaration that “Cox and Trier recognize that, under Article II, Section 26, a trial court may deem a defendant’s right of trial by jury waived due to nonappearance,” but the Constitution does not “permit a categorical rule of automatic waiver,” Opinion, ¶¶ 18,19, merely attacks the straw man proposition that the Municipal Court acted inconsistently with that principle. However, the Municipal Court, instead of applying a rule of automatic waiver, undertook reconsideration of the matter and reviewed the evidence Girard offered in explanation for his failure to appear. I don’t know what more the Court wants-the Court does not explain what procedure the Municipal Court should have employed-and courts of limited jurisdiction will likewise be hard pressed to know what more the Court wants in order to avoid the assertion that they are applying a “categorical rule of automatic waiver.”
¶25 After reconsideration, the Municipal Court, based upon review of Girard’s evidence, concluded that good cause for Girard’s nonappearance had not been demonstrated, and affirmed the waiver. The District Court agreed, and so do I. First, I would note that Girard’s assertion that he appeared only an hour late was not entered into the record by Girard and, therefore, could not have been part of the Municipal Court’s determination. I would thus disregard it. Then, Girard produced evidence indicating that he suffered from a cognitive disability and other medical issues. However, regarding his default in appearance, his mental health nurse’s affidavit merely stated that *452 “miss[ing] a court appointment... would not be unusual considering his memory and cognitive issues.” Although this demonstrates that Girard has a general difficulty with remembering appointments, it fails to demonstrate that Girard’s default in this particular appearance was caused by, or related to, his difficulties.[2] The Court’s reversal of the District Court and the Municipal Court on this evidence essentially grants a license for Girard to miss all court appointments, because he generally has trouble remembering them.
¶26 I would affirm the District Court’s holding that the Municipal Court’s handling of the matter was procedurally appropriate, and that it did not abuse its discretion in denying Girard’s request to set aside his default in appearance upon the evidence Girard here presented.
¶27 I dissent.

 The Court mischaracterizes, in my view, the City’s argument in the same way. The Court states that “the City asserts the categorical rule that ‘a defendant’s nonappearance for a mandatory pretrial conference is a waiver of his right to a jury trial.’” Opinion, ¶ 13. However, the City does not use the term “categorical rule” or argue for application of such a rule. Rather, the City’s argument merely states the legal principle we approved in Trier and Cox. The Court recognizes in ¶ 16 that the Cox holding was premised upon a legal, as opposed to factual, determination.

 The additional averments in the affidavit cited by the Court in ¶ 20 likewise fail to demonstrate that Girard’s condition had any direct impact on the particular nonappearance at issue here.